# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMED SALEH KUSSEM; <br>    10200 Blue Ridge Ct. <br>    Louisville, KY 40223 <br><br> NAGIB MOHAMED KUSSEM; <br> ALI MOHAMED SALEH KASEM; <br>    Maz'oob Damt Aldhala <br>    Republic of Yemen <br><br>         Plaintiff(s) <br>   v. <br><br> ANTONY J. BLINKEN, in his official capacity, Secretary, U.S. Department of State; <br>    U.S. Department of State <br>    2201 C St. NW <br>    Washington, DC 20520 <br> MERRICK B. GARLAND, in his official capacity, Attorney General, Office of Attorney General, U.S. Department of Justice; <br>    950 Pennsylvania Avenue, NW <br>    Washington, DC 20530-0001 <br> IAN G. BROWNLEE, in his official capacity, Acting Assistant Secretary, Bureau of Consular Affairs; <br> JONATHAN R. COHEN, in his official capacity, Ambassador, United States Embassy, Cairo, Egypt; <br> JOHN DOE, in his official capacity, Consular Officer, U.S. Embassy, Cairo, Egypt; <br>    U.S. Department of State <br>    2201 C St. NW <br>    Washington, DC 20520 <br><br>         Defendant(s). | Civil Action No **1:21-cv-1441** |

# PLAINTIFFS' ORIGINAL COMPLAINT
# FOR WRIT IN THE NATURE OF
# MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

1

Hashim G. Jeelani, Attorney for Plaintiffs, JEELANI LAW FIRM, PLC, 28411 Northwestern Hwy, Suite 875, Southfield, Michigan 48034, Ph: 248-850-7841, Facsimile: 248-714-4312, Email: hashim@jeelani-law.com.

## INTRODUCTION

COME NOW MOHAMED SALEH KUSSEM, (hereinafter "MOHAMED" or collectively "Plaintiffs") NAGIB MOHAMED KUSSEM, (hereinafter "NAGIB" or collectively "Plaintiffs") and ALI MOHAMED SALEH KASEM (hereinafter "ALI" or collectively "Plaintiffs") the Plaintiffs, by and through the undersigned attorney, in the above cause, and state as follows:

1. This action is brought as a result of Defendants' failure to adjudicate NAGIB's and ALI's Immigrant Visa Applications (hereinafter "Applications") within a reasonable period of time. Plaintiffs NAGIB and ALI are the sons of Plaintiff MOHAMED, a U.S. Citizen. Plaintiffs' Visa Applications have been mishandled by Defendants since May of 2015. [See **EXHIBIT A,** *Administrative Attorney's Letter to NVC*]. After repeatedly and inexplicably transferring Plaintiffs' files to various U.S. Embassies in the Middle East, Plaintiffs were finally interviewed after three years in 2018, but they were found to be inadmissible under then existing Presidential Proclamation 9645. On January 20, 2021, President Biden signed a Presidential Proclamation titled "Ending Discriminatory Bans on Entry to the United States."[1] This proclamation ends the travel restrictions under Presidential Proclamations 9645 and 9983 that had suspended entry into the United States of certain nationals, based on visa type, from Burma, Eritrea, Iran, Kyrgyzstan,

---

[1] See Proclamation on Ending Discriminatory Bans on Entry to The United States at:
https://www.whitehouse.gov/briefing-room/presidential-actions/2021/01/20/proclamation-ending-discriminatory-bans-on-entry-to-the-united-states/

2

Libya, Nigeria, North Korea, Somalia, Sudan, Syria, Tanzania, Venezuela, and Yemen. In keeping with the January 20, 2021 Proclamation, Plaintiffs have made numerous inquiries with the U.S. Embassy in Cairo, Egypt to resume processing of their cases. Despite numerous inquiries by the Plaintiffs, Defendants have yet to resume processing in Plaintiffs' cases. Plaintiffs Applications have now been at the United States Embassy in Cairo, Egypt for six years without any final adjudication. Plaintiffs have already been interviewed by the Embassy and no further requests for information or documents have been made by the Embassy since the interviews were conducted. The Embassy cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate NAGIB's and ALI's Applications as the in-person interviews have already been conducted on in 2018; as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in these matters. Plaintiffs have a clear right to adjudication of their Applications in a timely manner. The final adjudication of their Applications is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

2. Plaintiffs NAGIB and ALI have been forced to await the adjudication of their Applications for the past six years in Yemen, a country that has been undergoing humanitarian crisis due to armed conflict between political groups.

3. Defendants are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Applications.

**PARTIES**

4. Plaintiff MOHAMED, is a resident of Jefferson County, KY, and a U.S. Citizen. He is the parent of Plaintiffs NAGIB and ALI. MOHAMED is also the Petitioner of two approved I-130 Petitions allowing immigrant visas to be issued to NAGIB and ALI.

5. Plaintiff NAGIB is a citizen of Yemen and is the beneficiary of an approved I-130 by virtue of his relationship to his U.S. Citizen father, MOHAMED. NAGIB is also one of the immigrant visa applicants in this matter.

6. Plaintiff ALI is a citizen of Yemen and is the beneficiary of an approved I-130 by virtue of his relationship to his U.S. Citizen father, MOHAMED. ALI is also one of the immigrant visa applicants in this matter.

7. Defendant ANTONY J. BLINKEN is the duly appointed Secretary of the United States Department of State (hereinafter "DOS"). He is the head of the Department of State and is responsible for setting and overseeing implementation of the policies and procedures employed by the U.S. Department of State and all its various subdivisions, including the Bureau of Consular Affairs, U.S. Embassies   This action is filed against him in his official capacity.

8. Defendant MERRICK B. GARLAND is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5.  This action is filed against him in his official capacity.

9. Defendant IAN G. BROWNLEE is the Assistant Secretary of State for Consular Affairs. As Assistant Secretary, he is responsible for setting and overseeing implementation of the policies and procedures employed by the Bureau of Consular Affairs.  This action is filed against him in his official capacity.

10. Defendant JONATHAN R. COHEN is the Ambassador to the United States Embassy in Cairo, Egypt. He is the principal officer in charge of the Embassy. This action is filed against him in his official capacity.

11. Defendant John DOE is a Consular Officer at the United States Embassy in Cairo, Egypt. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

12. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiffs. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiffs are seeking judicial review of inaction by one or more of the Defendants.

13. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

14. The Plaintiffs have repeatedly requested the Defendants to make a final decision on the Applications. Further, Plaintiffs, through their counsel and themselves, have initiated numerous inquiries with the United States Embassy in Cairo, Egypt without any resolution. The Plaintiffs have exhausted their administrative remedies. Plaintiffs have supplied the United States Embassy in Cairo, Egypt with documents that establish Plaintiffs' eligibility to receive an immigrant visa to come to the U.S. as permanent residents.

15. There are no further administrative remedies available for Plaintiffs to utilize.

## FACTUAL ALLEGATIONS

16. On January 14, 2004, Plaintiff NAGIB became the beneficiary of an approved I-130, Petition for Alien Relative. He continues to qualify as a beneficiary based on his relationship to his biological, U.S Citizen father, MOHAMED.

17. On January 14, 2004, Plaintiff ALI became the beneficiary of an approved I-130, Petition for Alien Relative. He continues to qualify as a beneficiary based on his relationship to his biological, U.S Citizen father, MOHAMED.

18. From May of 2015 until 2017, Plaintiffs' cases were inexplicably transferred from various consulates to the NVC, and then finally to the U.S. Embassy in Cairo, Egypt. **[See EXHIBIT A]**.

19. After waiting a period of three years for the U.S. Embassy in Cairo, Egypt to schedule an interview, in March of 2018, Plaintiff NAGIB appeared for his immigrant visa interview. **[CASE# SAA 2007 78 2010]**.

20. After waiting a period of three years for the U.S. Embassy in Cairo, Egypt to schedule an interview, in March of 2018, Plaintiff ALI appeared for his immigrant visa interview. **[CASE# SAA 2007 78 2011]**.

21. In March of 2018, after conducting the interview, Officer JOHN DOE notified both Plaintiffs NAGIB and ALI that their cases were refused under then existing Proclamation 9645.

22. On January 20, 2021, President Biden signed a Presidential Proclamation titled "Ending Discriminatory Bans on Entry to the United States." This proclamation ended the travel restrictions under Presidential Proclamations 9645.

23. In keeping with the January 20, 2021 Proclamation, Plaintiffs have made numerous inquiries with the U.S. Embassy in Cairo, Egypt to resume processing of their cases.

24. Despite numerous inquiries by the Plaintiffs, Defendants have yet to resume processing in Plaintiffs' cases.

25. Plaintiffs Applications have now been at the United States Embassy in Cairo, Egypt for six years without any final adjudication, and are likely to continue in this status for years without judicial action.

26. After conducting the interview in March of 2018, the United States Embassy in Cairo, Egypt has made no further requests for information or evidence of the Plaintiffs.

27. Plaintiffs' inquiries have resulted in no meaningful responses from the United States Embassy in Cairo, Egypt.

28. The Department of State, and the United States Embassy in Cairo, Egypt refuses to allege an average processing time for Immigrant Visa Applications. Moreover, the aforementioned agencies refuse to provide further explanation which would merit the need for over six years of processing time, when all the required information has been gathered and the interviews have been conducted.

29. Plaintiffs have endured significant financial, emotional, and familial hardships as a result of the unreasonable period of time that Plaintiff NAGIB's and ALI's cases have been in administrative processing.

## VIOLATION OF THE APA

30. All prior paragraphs are re-alleged as if fully stated herein.

31. Plaintiffs have a statutory right to apply for an immigrant visa pursuant to 8 U.S.C. § 1153.

32. Plaintiffs have paid the requisite fees and provided all necessary documents and information required with their Applications.

33. Defendants have a duty to adjudicate Plaintiffs' Applications within a reasonable period of time under 5 U.S.C. §555(b) and 22 CFR § 42.81.

34. The duty owed to Plaintiffs is ministerial and so plainly prescribed as to be clear and free from doubt.

35. No other adequate remedy is available to Plaintiffs.

36. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiffs to adjudicate the Applications.

37. Given the Defendants' lack of a sufficient reason for not making a decision on Plaintiffs NAGIB's and ALI'S Applications for over six years, Plaintiffs' Applications have been pending for an unreasonably long period of time.

38. Defendants have failed in their statutory duty to adjudicate the Applications in a reasonable time.

39. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiffs' Applications and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' cases.

40. Defendants' delay in this case is, as a matter of law, arbitrary, in violation of Plaintiff MOHAMED's due process rights pertaining to his familial choices, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiffs' Applications, thereby depriving Plaintiffs of the rights to which they are entitled.

41. In addition, as a result of this delay, Plaintiffs have incurred enormous costs and now significant attorney's fees; in effect, their entire lives are on hold due to Defendants' inaction.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate NAGIB's and ALI's Applications.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiffs' Applications immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date: May 25, 2021

Respectfully submitted,

/s Hashim G. Jeelani
**Hashim G. Jeelani, Esq. (MI0081)**
**JEELANI LAW FIRM, PLC**
**28411 Northwestern Hwy, Suite 875**
**Southfield, MI 48034**
**hashim@jeelani-law.com**
**Phone:(248) 850-7841**
**Fax:(312) 767-9030**
*Counsel for Plaintiffs*